IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEG Q LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1559-N-BN |
| | § | |
| RSR CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

**Background**

LEG Q LLC ("LEG Q") filed an Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, *see* Dkt. No. 1 (the "Application"), requesting leave under 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45 to issue and serve (1) subpoenas for the production of documents, information, or objects to Quexco, Inc., EB Holdings II, Inc., Quemetco, Inc., RSR Corporation, and Revere Smelting & Refining Corporation and (2) subpoenas for deposition testimony to Quexco, Inc., EB Holdings II, Inc., Quemetco, Inc., RSR Corporation, and Revere Smelting & Refining Corporation.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

United States District Judge David C. Godbey referred this case to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 30.

The Court granted LEG Q LLC's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 1]; ordered that LEG Q LLC is authorized under 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 30, and 45 to issue – with a return date of at least 28 days – and serve (1) subpoenas for the production of documents, information, or objects to Quexco, Inc., EB Holdings II, Inc., Quemetco, Inc., RSR Corporation, and Revere Smelting & Refining Corporation, substantially in the form of Dkt. Nos. 1-1 to 1-5, respectively, and (2) subpoenas for deposition testimony to Quexco, Inc., EB Holdings II, Inc., Quemetco, Inc., RSR Corporation, and Revere Smelting & Refining Corporation, substantially in the form of Dkt. Nos. 1-6 to 1-10, respectively; and further ordered that the Federal Rules of Civil Procedure and any applicable local rules will apply to discovery pursuant to this order and that deposition testimony obtained pursuant to these subpoenas may be taken before any certified court reporter authorized to take testimony and administer oaths in the State of Texas. *See* Dkt. No. 32 (the "Order").

Respondents RSR Corporation, Revere Smelting & Refining Corporation, EB Holdings II, Inc., Quemetco, Inc., and Quexco, Inc. ("Respondents") have filed an objection or appeal of that non-dispositive order to Judge Godbey under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(4), and Northern District of Texas Local

Rule 72.1, asserting that the order is clearly erroneous or contrary to law. *See* Dkt. No. 43 (the "Objection").

Respondents have also filed an Expedited Motion for Stay Pending Resolution of Rule 72 Objection to Magistrate's Order. *See* Dkt. No. 44 (the "Stay Motion"). Plaintiff LEG Q LLC filed a response, *see* Dkt. No. 46, and Respondents filed a reply, *see* Dkt. No. 48.

Through the Stay Motion, Respondents request "that the Court stay discovery in this matter pending the outcome of Respondents' Objection" and assert that, "[i]n short, Respondents (who are third parties to LEG Q's purportedly forthcoming shareholder derivative action in the United Kingdom) will be irreparably harmed if forced to respond to LEG Q's extremely burdensome discovery requests, unless the Court maintains the status quo until ruling on Respondents' Objection." Dkt. No. 44 at 1. They further explain that, pursuant to the Order, "LEG Q served subpoenas on Respondents with return dates of October 3, 2017. According to Federal Rule of Civil Procedure 72(a) [], Respondents may file an objection within fourteen days of the Magistrate's Order, and Respondents are filing their Objection concurrently with the instant motion. Per Northern District of Texas Local Rule 72.1, LEG Q has twenty-one days to respond to the Objection and Respondents have fourteen days to reply. Accordingly, briefing of Respondents' objections will likely not be ripe until October 19, 2017. If, however, discovery is not stayed pending a decision on Respondents' Objection, the October 3 return date in the subpoenas will likely have passed before Respondents' Objection is even considered – effectively nullifying the District Judge's

power to review the [] Order. To avoid such a result, the Court should issue a temporary stay of discovery pending review of Respondents' Objection." *Id.* at 2 (citation omitted).

**Legal Standards and Analysis**

According to Respondents, the United States "Supreme Court has recognized four factors District Courts consider in determining whether to stay proceedings pending a Court determination: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Dkt. No. 44 at 3 (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

LEG Q points instead to the standard for staying discovery pending a motion to dismiss or other motion in a pending case. *See* Dkt. No. 46 at 3 (citing *Valenzuela v. Crest-Mex Corp.*, No. 16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 12763510, at *2 (N.D. Tex. Mar. 6, 2015)).

The Court determines, as other courts have concluded, that the general, four-factor test for a stay pending appeal governs the analysis of a request for a stay pending an objection or appeal of a magistrate judge's order resolving a non-dispositive matter. *See, e.g.*, *Jenkins v. Robotec, Inc.*, Civ. A. No. 1:09cv150HSO-JMR, 2009 WL 5166252, at *1 (S.D. Miss. Dec. 29, 2009).

Respondents assert that "each of these factors is satisfied, and the final three (equitable) factors weigh strongly in favor of a stay." Dkt. No. 44 at 3.

As to the first factor, Respondents contend that the "Order erroneously granted LEG Q's request to issue extensive and burdensome subpoenas for documents and testimony to the five Respondents even though permitting such discovery would run counter to recently-adopted U.K. law." *Id.* Respondents invoke the principle that, "[w]hen considering the likelihood of success, '[w]hile the movant need not always show a 'probability' of success on the merits, he must present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities, (i.e. the other three factors) weighs heavily in the favor of granting the stay.'" *Id.* (quoting *O'Bryan v. McKaskle*, 729 F.2d 991, 993 (5th Cir. 1984) (internal quotations omitted)).

According to Respondents, the "Order erroneously granted LEG Q's request to issue extensive and burdensome subpoenas for documents and testimony to the five Respondents even though permitting such discovery would run counter to recently-adopted U.K. law," which "does not permit LEG Q to obtain discovery for use in connection with a proposed shareholders' derivative action unless and until LEG Q makes a *prima facie* showing in support of its claims," and "LEG Q has not done so." *Id.* Respondents contend that the Order nonetheless "permits LEG Q to circumvent the *prima facie* requirement and prematurely obtain extensive document discovery and five depositions" and "would result, in some instances, in LEG Q obtaining depositions of the very individuals that are the target of the proposed shareholders' derivative

-5-

action." *Id.* at 3-4. They argue that "[t]he issue of whether Section 1782 should apply in light of the U.K.'s *prima facie* requirement is one of first impression for this Court" and that they "have shown a substantial case on the merits against LEG Q's Application" because, "[a]s detailed in Respondents' Response to LEG Q's Application and in Respondents' Objection (incorporated herein by reference and briefly summarized), the discretionary factors weigh heavily against LEG Q's Application." *Id.* at 4.

LEG Q, in turn, points to the fact that "[t]he Order is subject to review under a 'highly deferential standard' that 'requires the court to affirm the decision ... unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" Dkt. No. 46 at 2 (quoting *Blue v. Hill*, 3:10-CV-2269-L, 2014 WL 2217334, at *2 (N.D. Tex. May 29, 2014)). According to LEG Q, "Respondents have little hope of prevailing on their Objection, which merely recycles the legally and factually deficient arguments they presented to the Magistrate in opposition to LEG Q's Section 1782 application and which is 'written as if this court were ruling on" that application "as a matter of first impression,'" and "Respondents come nowhere close to showing reversible error." *Id.* (quoting *Jefferson-Pilot Life Ins. Co. v. Bellows*, No. 3:02-cv-1992-D, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003)).

In reply, Respondents assert that they "are likely to succeed on their Objection because LEG Q's § 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions created by the U.K. Companies Act, which is the third discretionary factor the Court considers when examining a § 1782 application"; that

-6-

"LEG Q attempts – and in fact successfully convinced the Magistrate Judge – to narrow the focus of the examination of the U.K. Companies Act to the second discretionary factor, which places the burden on Respondents to provide 'authoritative proof' that a foreign tribunal would reject evidence"; that "the second factor should have little bearing on the decision because, as both parties have acknowledged, no U.S. Court has addressed the situation where a party has sought or attempted to use § 1782 discovery in spite of the foreign proof-gathering restrictions in the U.K. Companies Act"; and that, "[a]s detailed in Respondents' Objection, Doc. No. 43, when properly applied, the discretionary factors weigh heavily against the granting of LEG Q's Application. Therefore, Respondents are likely to prevail on their Objection." Dkt. No. 48 at 1-2 (footnote omitted).

Even assuming that Respondents could show that a serious legal question is involved as to whether Section 1782 should apply in light of the *prima facie* requirement, Respondents acknowledge that their challenge to the Order granting the Application turns on the weighing of four discretionary factors, which Judge Godbey will consider on appeal under a deferential standard:

> "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review-de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)) (internal quotation marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the

reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed de novo, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (citing *Smith*, 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

     The court reviews the magistrate judge's discovery decision under the abuse of discretion standard, and it does not substitute its own judgment for that of the magistrate judge. *See Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.) ("And in matters of discretion – and discovery decisions are usually quintessential examples of the exercise of discretion – district judges do not substitute their own judgment for that of the magistrate judge."); *see also Hoffman v. L & M Arts*, 2013 WL 655014, at *2 (N.D. Tex. Feb. 21, 2013) (Fitzwater, C.J.) (reviewing discovery decision for abuse of discretion).

*Stanissis v. Dyncorp Intern. LLC*, Nos. 3:14-cv-2736-D & 3:15-cv-2026-D, 2015 WL 5603722, at *1 (N.D. Tex. Sept. 23,2015).

The undersigned will not presume to predict or know how Judge Godbey will resolve the Objection. But it is a close call whether Respondents have a substantial case on the merits when the appeal decision will turn on this standard of review set out above.

Even if they do, a stay is not appropriate, by Respondents' own lights, unless the balance of the other three factors weighs heavily in the favor of granting the stay.

-8-

As to the second factor, there appears to be little disagreement that, absent a stay, Respondents should be gathering and reviewing documents during the time that their Objection is being briefed and considered. In this particular context, it is far from clear that Respondents could fully recover the economic costs that they, as third parties, would incur to comply with the Order while their Objection – which seeks to relieve them of all discovery obligations whatsoever – is pending. This is not a situation in which discovery involving Respondents is otherwise ongoing or required by the Federal Rules or in which Respondents are simply challenging certain discovery requests or rulings after the matter of whether any discovery requests are authorized to be served at all has been conclusively resolved. *Cf.* Dkt. No. 46 at 10 ("Indeed, a stay will only incent Respondents to raise baseless Rule 72 objections to any further unfavorable rulings by the Magistrate – all for the sake of delaying compliance with LEG Q's legitimate disclosure efforts – and thereby embolden Respondents to perpetuate a 'Groundhog Day' scenario in which the parties must brief the same discovery matters one time to the Magistrate and then another time to the District Court."). Under these particular circumstances, the Court finds that the second factor weighs heavily in favor of a stay.

The third factor likewise weighs in favor of a stay. Respondents correctly note that "LEG Q would retain the option to seek discovery at any time should the Court ultimately decide that Section 1782 judicial assistance is appropriate." Dkt. No. 44 at 6. The Court is not persuaded that LEG Q "dithered in seeking Section 1782 assistance." Dkt. No. 46 at 9. But neither is the Court persuaded that LEG Q will be

substantially injured by a stay pending resolution of the Objection because of "further delay[ in] LEG Q's pursuit of its derivative claims by staying discovery herein" – where LEG Q does not explain how this discovery is so time-critical that its pursuit cannot sustain a delay of several weeks or even a few months – or based on LEG Q's suggestion that "[t]he intended defendants in LEG Q's derivative action are likely to cite any delay in LEG Q's prosecution of its claims as evidence that they are without merit (regardless of whether that delay was engendered by Respondents' stonewalling)." *Id.* The briefing and ruling on this stay request is a matter of public record should LEG Q ever need to explain it to an English court. This factor, too, weighs in favor of a stay.

Finally, notwithstanding any policy favoring Section 1782 applications generally, the Court is persuaded that the fourth factor heavily favors a stay. As Respondents explain, they "are third parties facing the burden of gathering voluminous amounts of discovery for a potential case in a foreign country"; "[p]ublic interest clearly favors protecting Respondents from being forced to suffer potentially unnecessary burdens that the Court could subsequently determine to be unjustified"; and "[i]t would be impossible to restore the *status quo* once Respondents have incurred the expense of responding to LEG Q's discovery requests." Dkt. No. 44 at 7. The fourth factor also weighs heavily in favor of a stay.

In sum, although the undersigned believes that the Order correctly resolves the Application, the Court finds that, for purposes of this stay request, Respondents may have a substantial case on the merits that involves a serious legal question and that

the balance of the other three factors weigh heavily in the favor of granting the stay – in no small part because at issue in the Objection is whether, under Section 1782, Respondents should be required to engage in any discovery at all.

**Conclusion**

The Court GRANTS Respondents RSR Corporation, Revere Smelting & Refining Corporation, EB Holdings II, Inc., Quemetco, Inc., and Quexco, Inc.'s Expedited Motion for Stay Pending Resolution of Rule 72 Objection to Magistrate's Order [Dkt. No. 44] and any compliance with the Court's August 31, 2017 Memorandum Opinion and Order Granting LEG Q LLC's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 32] is stayed pending the order from the Court resolving Respondents' Objection to the Magistrate's Memorandum Opinion and Order Granting LEG Q LLC's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and Brief in Support [Dkt. No. 43].

SO ORDERED.

DATED: September 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE